# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00595-CV

---

### In re Quentin Smith

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Applicant Quentin Smith, an inmate in the Comal County Jail, has filed a pro se original application for writ of habeas corpus in which he requests immediate release under article 17.151 of the Texas Code of Criminal Procedure and contends that his prosecution and bail amount are retaliation for his exercise of his First Amendment rights, that he is being subjected to cruel and unusual punishment in violation of article 1.09 of the Code of Criminal Procedure, and that the State is suppressing exculpatory evidence. *See* Tex. Code Crim. Proc. arts. 1.09 (prohibiting excessive bail and fines and cruel and unusual punishment), 17.151, § 1(1) (requiring that defendant "must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention").

The original habeas corpus jurisdiction of a court of appeals is limited to cases where a person's liberty is restrained because he or she has violated an order, judgment, or decree in a civil case. *See* Tex. Gov't Code § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). Courts of appeals have no original habeas jurisdiction in criminal

matters. *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *see Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *see also Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05; *see Ayers*, 515 S.W.3d at 356.

Accordingly, we dismiss Smith's original application for writ of habeas corpus for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: July 3, 2026